UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 23-53 |
| MARCUS THEODORE | SECTION: "P" (1) |

**ORDER AND REASONS**

Before the Court are the following motions filed by Defendant Marcus Theodore: Motion for Pretrial Disclosure of all F.R.E. 404(b) Evidence that the Government Intends to Use at Trial (R. Doc. 73); Motion for Production of Exculpatory Materials and Confidential Informant (R. Doc. 74); Motion in Limine to Exclude Hearsay Co-Conspirator Statements Until the Government has Proven a Prima Facie Conspiracy (R. Doc. 75); Motion for Bill of Particulars (R. Doc. 76); and Motion for Production of Bench Notes, Information and Materials Used by the Government's Chemist for Testing Drug Evidence (R. Doc. 77).

**I.      BACKGROUND**

On March 15, 2023, Theodore was arrested on a federal complaint charging him with possession with the intent to distribute 40 grams or more of fentanyl, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm.[1] A federal grand jury then charged Theodore with the same crimes, as well as a recidivist sentencing enhancement based on a prior manslaughter conviction.[2] A superseding indictment was then issued, adding a count charging Theodore with conspiracy to possess with the intent to distribute four hundred (400) grams or more of fentanyl.[3] Most recently, a grand jury issued a second superseding indictment that kept the same charges against Theodore and added a co-defendant,

---

[1] R. Doc. 1.
[2] R. Doc. 12.
[3] R. Doc. 22.

Travis Jackson. On August 6, 2024, Jackson pleaded guilty to conspiracy to possess with the intent to distribute forty (40) grams or more of fentanyl and to being a felon in possession of a firearm.[4] The trial on the charges against Jackson was therefore canceled.[5] The trial on the charges against Theodore is set to begin on October 28, 2024.

In anticipation of trial Theodore filed several motions. The Government responded to Theodore's motions, mostly in opposition thereto.[6] The Court addresses each of the motions in turn below.

## II.    LAW AND ANALYSIS

### A. Motion for Pretrial Disclosure of All F.R.E. 404(b) Evidence the Government Intends to Use at Trial (R. Doc. 73)

Theodore's first motion requests an order from the Court directing the Government to produce all evidence it intends to offer at trial pursuant to Rule 404(b) of the Federal Rules of Evidence. Rather than opposing the motion or waiting for the Court to issue an order pursuant to the motion, the Government responded by providing notice of its intent to use certain Rule 404(b) evidence, namely evidence related to Theodore's 2010 conviction via a guily plea in Orleans Parish to attempted possession with the intent to distribute heroin.[7] The Government's response thereby mooted Theodore's motion. Accordingly, Theodore's motion for pretrial disclosure of all Rule 404(b) evidence is denied as moot.[8]

---

[4] R. Doc. 90.
[5] *Id.*
[6] R. Doc. 82.
[7] *Id.*
[8] The Court notes that in response to the Government's notice, Theodore filed a reply brief opposing the introduction of the Rule 404(b) evidence, and the Government filed a "sur-reply" addressing Theodore's arguments made in his reply brief as to why the noticed evidence should be excluded. R. Docs. 100, 102. At this time, the Court does not resolve the dispute regarding the admissibility of the noticed Rule 404(b) evidence. The Court will issue a separate Order and Reasons addressing this issue in the coming weeks.

**B. Motion for Production of Exculpatory Materials and Confidential Informant (R. Doc. 74)**

Theodore next requests that the Court order the Government to produce exculpatory materials, information concerning confidential informants, and other evidence favorable to him immediately or within a reasonable period of time before trial to afford him adequate time to investigate matters disclosed or, if necessary, subpoena the materials identified. Theodore's motion includes 35 enumerated requests, over 8 pages, with one request having lettered subparts through "n."[9]

In opposition, the Government responds that it is aware of its obligations under *Brady*, *Giglio*, and the Jencks Act. The Government notes, however, it has no duty to discover information that it does not possess. With respect to requested *Brady* information, the Government claims it is unaware of any *Brady* information except to the extent it may be contained in, or absent from, materials already provided in discovery. The Government further claims that should it learn of any *Brady* material, it will promptly disclose such to defense counsel. With respect to *Giglio* and Jencks Act materials, the Government contends Theodore is not entitled to this information immediately and that the Government intends to adhere to the standard practice in this District mandating disclosure earlier than the law demands, i.e., disclosing such materials the Friday before a Monday trial.

As to Theodore's requests regarding information related to the Government's confidential informants or sources, the Government responds in two parts. First, the Government provides that it intends to call individuals who were intercepted on the wiretaps buying heroin and fentanyl from Theodore and that it will disclose the identity of these witnesses, any impeachment materials, and prior statements the Friday before trial. Second, the Government explains it does not intend to call

---

[9] R. Doc. 73.

either of the confidential informants discussed in the wiretap application. According to the Government, it specifically did not charge and does not intend to present evidence related to the controlled purchases conducted from Theodore using one of the confidential informants mentioned in the wiretap application in order to avoid identifying the confidential informants. The Government further contends there is nothing exculpatory about the information the confidential informants would provide if called because the informants told the FBI agents that Theodore was a drug dealer and then confirmed that information by buying drugs from him. For all these reasons, the Government has not and does not intend to produce any discovery related to the controlled purchases that it will not be presenting as evidence at trial. Theodore did not respond to the Government's opposition.

The Court finds Theodore's motion should be granted in part and denied in part. To the extent Theodore seeks disclosure of information to which he is entitled under *Brady*, *Giglio*, and the Jencks Act, the motion is granted. To the extent Theodore seeks disclosure of information not in the Government's possession or information related to the confidential informants who the Government does not intend to call at trial, the motion is denied. The Government must disclose the names of its witnesses as well as all *Giglio* and Jencks Act material no later than 12:00 p.m. (noon) the Friday before trial. And although the Government contends it knows of no outstanding *Brady* material at this time, prompt disclosure to defense counsel is required if the Government learns of any such material.

**C. Motion in Limine to Exclude Hearsay Co-Conspirator Statements Until the Government has Proven a Prima Facie Conspiracy (R. Doc. 75)**

Theodore next requests that the Court enter an order excluding all co-conspirator statements from trial until the Government has proven, by a preponderance of the evidence, that a

4

conspiracy furthered by those statements existed and included the declarant and the defendant.[10] Specifically, Theodore believes the Government plans to introduce recorded or wiretapped conversations at trial to prove the truth of the matter asserted in those conversations. Theodore urges that these conversations are hearsay and that they cannot be admitted into evidence unless the Government shows a hearsay exception or exclusion applies. Theodore further urges that if the Government relies on the exclusion set forth in Federal Rule of Evidence 801(d)(2)(E), then before statements are admitted into evidence, the Court must first find that the Government has proven by a preponderance of the evidence (1) that a conspiracy existed, (2) that the co-conspirator and the defendant against whom the co-conspirator's statement is offered were members of the conspiracy, and (3) that the co-conspirator's statement was made during the course and in furtherance of the conspiracy. Although the request was not explicit in Theodore's motion, his reply memorandum confirms he is asking the Court to hold a pre-trial *James* hearing to determine whether the alleged co-conspirator statements are admissible for the truth of the matter asserted pursuant to Rule 801(d)(2)(E).[11]

The Government opposes Theodore's motion. According to the Government, Theodore is a participant in all the recorded calls the Government intends to admit at trial. The Government therefore argues that Theodore's statements on the recordings are not hearsay because they are the statements of a party opponent being offered against that party, which are specifically excluded from the definition of hearsay under Federal Rule of Evidence 801(d)(2)(A).[12] With respect to the statements made by the other participants on the recorded calls, the Government argues these statements are also admissible either: [1] for the truth of the matter asserted because they fall into

---

[10] R. Doc. 75 (citing *United States v. Bourjaily*, 483 U.S. 171, 175 (1987)).
[11] R. Doc. 101.
[12] R. Doc. 82 at 17 (citing FED. R. EVID. 801(d)(2)(A)).

5

co-conspirator exception under Rule 801(d)(2)(E), or [2] not for the truth of the matter asserted, but for the limited purpose of putting Theodore's statements into context because without the "reciprocal and integrated utterances" of the other participant, the jury's ability to comprehend Theodore's statements would be significantly impaired.[13] To the extent the other participant's statements fall into the latter category, the Government proposes the Court provide a limiting instruction directing the jury that the non-party statements are only to be used as context and should not be taken for the truth of the matter asserted. Lastly, the Government also opposes Theodore's request for a pre-trial *James* hearing, arguing it is unnecessary in this case and would require the Government to put on an impracticable mini trial before trial starts.

The Fifth Circuit has counseled that a "district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a[n] [alleged] coconspirator."[14] However, Fifth Circuit precedent "has never required a hearing outside the presence of the jury" to determine the admissibility of out-of-court statements as co-conspirator statements.[15] Indeed, "[i]f [a district court] determines it is not reasonably practical to require the showing to be made before admitting the evidence, the court may admit the statement[s] subject to being connected up."[16] The Fifth Circuit "has approved district courts' practice of carrying a *James* motion through trial or at least through presentation of the government's case until a determination of the existence of the Rule 801(d)(2)(E) predicate facts can be appropriately made."[17]

---

[13] R. Doc. 82 at 17–18.
[14] *United States v. James*, 590 F.2d 575, 582 (5th Cir. 1979).
[15] *United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir. 1992).
[16] *James*, 590 F.2d at 582; *see also United States v. Gonzalez-Balderas*, 11 F.3d 1218 (5th Cir. 1994) (where "the court finds the order of proof impractical," then "the court may conditionally admit the statement subject to a subsequent final determination" of its admissibility under Rule 801(d)(2)(E)).
[17] *Fragoso*, 978 F.2d at 900. In the event the alleged co-conspirator's statements are not "connected up," then "the judge must decide whether the prejudice arising from the erroneous admission of the coconspirator's statements can

6

The Court finds that holding a *James* hearing in advance of the trial in this matter would be inefficient and wasteful, as it would require the Court to hold what would amount to two trials in this case.[18]  The better course of action is to defer Theodore's argument concerning the admissibility of the alleged co-conspirator statements until trial.  The Court therefore denies Theodore's request for a *James* hearing and his motion in limine to exclude hearsay co-conspirator statements until the Government has proven a prima facie conspiracy.

### D. Motion for Bill of Particulars (R. Doc. 76)

Theodore next requests that the Court order the Government to file a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f).[19]  Theodore's motion contains fifteen specific requests for particulars.  These requests seek detailed information about the drug conspiracy charge, the possession with intent to distribute charge, and the possession of a firearm in furtherance of drug trafficking charge.  Among other things, Theodore asks for the name and whereabouts of all conspirators described as "known" and "unknown" in the indictment; the name, address, and role in the alleged conspiracy of each government informant and witness; all statements upon which the government intends to rely to prove the existence of the conspiracy; a description of any overt acts the governments intends to offer as evidence; and the name of the source of any drugs Theodore allegedly possessed.

"The purpose of a bill of particulars is to apprise the defendant of the charges against him with enough detail to allow him to prepare his defense."[20]  But "[a] defendant has no right to a bill

---

be cured by a cautionary instruction to disregard the statement or whether a mistrial is required." *James*, 590 F.2d at 582–83.
[18] *See, e.g.*, *United States v. Morgan*, No. 01-232, 2002 WL 1159706 (E.D. La. May 30, 2022).
[19] R. Doc. 76.
[20] *United States v. Kirkham,* 129 F. App'x 61, 72 (5th Cir. 2005) (citing *United States* v. *Montemayor,* 703 F.2d 109, 117 (5th Cir. 1983)); *see also, e.g.*, *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) ("The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution.").

of particulars."[21] The decision to grant or deny a motion for a bill of particulars is within the sound discretion of the trial court and should be decided with reference to the particular facts and circumstances of the case before it.[22] A bill of particulars cannot be used "to obtain a detailed disclosure of the government's evidence prior to trial."[23] Moreover, to the extent the defendant is entitled to certain information in advance of trial to obviate surprise at trial and to enable him to prepare his defense, "[i]t is well established that if the government has provided the information called for in some other satisfactory form, then no bill of particulars is required."[24]

The Government argues a bill of particulars is not required in this case because Theodore has sufficient information about the charges against him and is not entitled to the additional information he seeks. More specifically, the Government contends the information already provided to Theodore in discovery, pleadings, face-to-face meetings, emails and calls with counsel, and the indictment obviates the need for a bill of particulars in this case. According to the Government, Theodore knows the FBI identified Theodore as part of a long-term gang investigation. The FBI then developed confidential informants who could buy drugs from Theodore and conducted several controlled purchases.[25] The FBI obtained Title III authority to conduct a wiretap on two of Theodore's phones, which the Government contends "heard/recorded

---

[21] *United States v. Burgin,* 621 F.2d 1352, 1359 (5th Cir. 1980).
[22] *See, e.g., United States v. Davis,* 582 F.2d 947, 951 (5th Cir. 1978) ("More often [deciding a motion for a bill of particulars] is an exercise calling for discrete decisions properly infused with the ambience of the trial scene and tailored to fit the facts before the trial judge.").
[23] *United States v. Kilrain,* 566 F.2d 979, 985 (5th Cir. 1978) (internal quotation marks and citation omitted); *accord United States v. Hajecate,* 683 F.2d 894, 898 (5th Cir. 1982) ("[A] bill of particulars cannot be required to compel revelation of the full theory of the case or all the evidentiary facts."); *Burgin,* 621 F.2d at 1359 (holding that a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"); *Davis,* 582 F.2d at 951 ("[I]t is well established that generalized discovery is not a permissible goal of a bill of particulars.").
[24] *United States v. Vasquez,* 867 F.2d 872, 874 (5th Cir. 1989); *accord United States v. Moody,* 923 F.2d 341, 351 (5th Cir. 1991) ("A bill of particulars is not required if a defendant is otherwise provided, *inter alia,* with sufficient information to enable him to prepare his defense and avoid surprise.").
[25] The Government reiterated it is not going to present evidence related to these controlled purchases at trial because it does not want to disclose the identity of its confidential informants. R. Doc. 82 at 22; *see also* discussion *supra* Section II.B.

8

lots of incriminating calls, all of which have been produced to Theodore and some of which will be played at trial."[26] The FBI identified some of the buyers who were captured on the wire and who the Government anticipates calling as witnesses. When the wiretap's interception period was closing, the FBI obtained federal warrants to search several locations identified from the wiretap recordings. The FBI arrested Theodore the morning of the searches, and the Government claims he had a loaded Glock pistol and over 40 grams of fentanyl. The Government also claims agents found additional drugs and drug paraphernalia during the searches.

With respect to the drug conspiracy charge, the Government argues Theodore knows from the indictment that the conspiracy is alleged to have begun no later than January 2021 and to have continued until the day Theodore was arrested. The alleged conspirators include Theodore, Jackson, and other persons known and unknown. The Government claims the others known and unknown include unidentified and identified individuals from the wiretap who were recorded discussing police presence, the purchase of large amounts of drugs, and the purchase of drugs that would be further distributed. The Government further claims it has provided all intercepted calls from both phones to Theodore and has played key calls for Theodore and identified these key calls to defense counsel by call number. Thus, according to the Government, "Theodore does not know which of the callers may be testifying[,] but he knows the evidence of their participation (the calls)."[27] The Government further argues Theodore is also aware of the basis for the other three charges against him—possession with intent to distribute, possession of a firearm in furtherance of drug trafficking, and felon in possession of a firearm—because these charges all relate to the items that were seized when Theodore was arrested on March 15, 2023.

---

[26] R. Doc. 82 at 22.
[27] *Id.* at 23.

9

Having considered both parties' briefing, the applicable law, the record of this case and the specific facts and circumstances related to it, the Court finds Theodore's motion for a bill of particulars should be denied for the following reasons. Except for Theodore's request for the names of unindicted co-conspirators, the Court finds Theodore is either not entitled to or is already aware of the information he seeks in the form of a bill of particulars.[28] Theodore is, however, entitled to the names of the alleged co-conspirators the Government plans to call as witnesses at trial. For the protection of these witnesses, their addresses need not be disclosed, and the names of the witnesses need not be provided to defense counsel until 12:00 p.m. (noon) the Friday before trial. Because the disclosure of the names of the unindicted co-conspirators falls within the disclosures previously ordered by the Court to be made by 12:00 p.m. (noon) the Friday before trial—i.e., the names of all witnesses the Government intends to call at trial and all *Giglio* and Jencks Act materials[29]—the disclosure does not need to be made in the form of a bill of particulars.

**E. Motion for Production of Bench Notes, Information and Materials Used by the Government's Chemist for Testing Drug Evidence (R. Doc. 77)**

Theodore next requests that the Government produce all information and materials underlying the conclusion of its chemist's reports on the drugs that were tested in this case. In response, the Government claims that it produced to the defense in discovery the lab report generated by the chemist who tested the drugs seized on March 15, 2023, the date of Theodore's arrest and several searches. The Government contends it has requested the underlying materials from the tests the chemist conducted in generating the lab report and will provide the materials to defense counsel once obtained and processed. Theodore did not reply to the Government's

---

[28] *See Burgin,* 621 F.2d at 1359 (holding that a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"); *Vasquez,* 867 F.2d at 874 ("It is well established that if the government has provided the information called for in some other satisfactory form, then no bill of particulars is required.").

[29] *See* discussion *supra* Section II.B.

response. It appears the parties are in agreement regarding the production of these materials; Theodore's motion is therefore granted as unopposed.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

- Defendant Marcus Theodore's Motion for Pretrial Disclosure of All F.R.E. 404(b) Evidence the Government Intends to Use at Trial (R. Doc. 73) is **DENIED AS MOOT**;

- Defendant Marcus Theodore's Motion for Production of Exculpatory Materials and Confidential Informant (R. Doc. 74) is **GRANTED IN PART and DENIED IN PART**, as set forth herein;

- Defendant Marcus Theodore's Motion in Limine to Exclude Hearsay Co-Conspirator Statements Until the Government has Proven a Prima Facie Conspiracy (R. Doc. 75) is **DENIED**;

- Defendant Marcus Theodore's Motion for Bill of Particulars (R. Doc. 76) is **DENIED;** and

- Defendant Marcus Theodore's Motion for Production of Bench Notes, Information and Materials Used by the Government's Chemist for Testing Drug Evidence (R. Doc. 77) is **GRANTED**.

New Orleans, Louisiana, this 20th day of September 2024.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**