UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 23-53 |
| MARCUS THEODORE | SECTION: "P" (1) |

## ORDER AND REASONS

Before the Court is the "*Motion to Dismiss Indictment Pursuant to 18 U.S.C. § 922(g): As a Unconstitutional; Due Process Violation For Double Prosecution of The Same Firearm*"[1] filed by Defendant Marcus Theodore on his own behalf. For the following reasons, Mr. Theodore's motion is **DENIED**.

### I.  BACKGROUND

On April 25, 2024, the Government filed the Second Superseding Indictment in this matter, charging Marcus Theodore with: (1) conspiracy to distribute and to possess with the intent to distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 ("Count One"); (2) possession with intent to distribute Fentanyl, in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(B) ("Count Two"); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Three"); and (4) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(8) ("Count Four").[2] On January 10, 2025, Mr. Theodore pled guilty before this Court to Counts Two, Three, and Four of the Second Superseding Indictment.[3] And on May 27, 2025, the Court imposed the sentence against Mr. Theodore, which included a total term of imprisonment of 180 months.[4] Of the 180 months, 120 months were

---

[1] R. Doc. 179.
[2] R. Doc. 47.
[3] R. Doc. 147.
[4] R. Doc. 171.

imposed as to each Counts Two and Four, to be served concurrently to one another; and 60 months were imposed as to Count Three, to be served consecutively to the terms imposed as to counts two and four.[5] Mr. Theodore now asks the Court to "dismiss the indictment pursuant [to] 18 U.S.C. § 922(g) as unconstitutional" and to "vacate the 60 month sentence (Count 4) applied consecutively to the terms imposed on Counts Two and Four."[6] Mr. Theodore's motion goes on to state that he is asking the Court to vacate the consecutive 60-month sentence for the Section 922(g) conviction and to be re-sentenced to 120 months total.[7]

## II. DISCUSSION

To the extent Mr. Theodore asks the Court to "dismiss the indictment" against him, this motion is untimely and shall be denied on that basis. Under Federal Rule of Criminal Procedure 12, a motion to dismiss an indictment generally must be made before trial or at least while the case is pending.[8] Here, Mr. Theodore has already pled guilty to the crimes charged in the indictment, was sentenced accordingly, and the time to file any direct appeal has passed.[9] Accordingly, Mr. Theodore's motion to dismiss the indictment must be denied.[10]

The Court is cognizant, however, that Mr. Theodore is representing himself and has no formal legal training. Upon review of his motion, it appears that what Mr. Theodore is actually seeking is for the Court to vacate the sentence imposed as to Count Four (the 18 U.S.C. § 922(g) violation) on the basis that the sentence was imposed in violation of his constitutional rights. Such relief is governed by 28 U.S.C. § 2255. Indeed, under § 2255(a), a "prisoner in custody under

---

[5] R. Doc. 171.
[6] R. Doc. 179.
[7] R. Doc. 179 at 4.
[8] *United States v. Cathey*, 591 F.2d 268, 271, n.1 (5th Cir. 1979); *United States v. Reed,* 32 F. App'x 127 (5th Cir. 2002).
[9] As for the counts to which Mr. Theodore did not plead guilty, the Court dismissed those counts at the sentencing hearing on the Government's motion to do so. *See* R. Doc. 171 at 1.
[10] *See Skinner v. United States*, No. 02-93, 2022 WL 16639995 (S.D. Miss. Nov. 2, 2022).

sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence," may move the sentencing court to vacate, set aside, or correct the sentence. But a prisoner in federal custody is permitted to file only one § 2255 motion without restriction.[11] If the § 2255 motion is denied and the petitioner wishes to file a second or successive § 2255 motion in the future, he can only do so if his motion is certified by the court of appeals, and such certification is only granted if the second or successive motion is based on newly discovered evidence or a new, retroactive rule of constitutional law, as set forth in 28 U.S.C. § 2255(h). This Court therefore declines to construe Mr. Theodore's current motion to dismiss indictment as a § 2255 motion, because to do so could subject him to the restriction on "second or successive" motions in the future, and it is not clear to the Court that Mr. Theodore has asserted all potential § 2255 claims he believes he may have at this time. If Mr. Theodore does, in fact, wish to seek relief under § 2255, any future motion should clearly state such.

The Court separately notes that Mr. Theodore appears to have the mistaken understanding that the 60-month term of imprisonment was imposed as to the crime charged in Count Four—that is, felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). But, as set forth in the Judgment, the 60-month consecutive term of imprisonment was imposed as to *Count Three*—that is, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).[12] The Judgment states: "The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 180 months. This term consists of **120 months as to each of Counts Two and Four**, to be served concurrently, and a term of **60 months as to Count Three**, to be served consecutively to the terms imposed on Counts Two

---

[11] *See United States v. Woodruff*, No. 14-168, 2023 WL 2683225, at *1 (E.D. La. Mar. 29, 2023).
[12] See R. Doc. 171 at 4.

and Four."[13] Thus, even if the Court were to grant Mr. Theodore the relief he seeks and vacate his sentence for the § 922(g) charge (Count Four), Mr. Theodore's total term of imprisonment would still be 180 months because he would still have to serve the 120-month term of imprisonment for Count Two, followed by the 60-month term of imprisonment for Count Three.

### III. CONCLUSION

To the extent Mr. Theodore seeks the dismissal of the indictment filed against him, this request is untimely and futile. To the extent Mr. Theodore seeks to have the sentence imposed as to Count Four vacated on the basis that it was imposed in violation of his constitutional rights, a motion to dismiss indictment is not the proper method to obtain such relief, and the Court declines to construe Mr. Theodore's motion to dismiss indictment as a § 2255 motion for the reasons explained herein. Accordingly,

**IT IS ORDERED** that Defendant Marcus Theodore's Motion to Dismiss Indictment (R. Doc. 173) is **DENIED**.

New Orleans, Louisiana, this 12th day of November 2025.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[13] R. Doc. 171 at 4 (emphasis added).